UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANTHONY G. DE LA CRUZ,

         Plaintiff,

     v.

SAN MATEO COUNTY SHERIFF'S OFFICE, et al.,

         Defendants.

Case No. 25-cv-10193-YGR (PR)

**ORDER TO SHOW CAUSE**

Plaintiff, an inmate at the Maguire Correctional Facility, has filed a *pro se* complaint under 42 U.S.C. § 1983. He also seeks leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. Dkt. 3. A review of the complaint reveals that plaintiff may not have exhausted California's prison administrative process, however.

The Prison Litigation Reform Act of 1995 ("PLRA") amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory and no longer left to the discretion of the district court. *Ross v. Blake*, 578 U.S. 632, 637-42 (2016); *Woodford v. Ngo*, 548 U.S. 81, 84 (2006) (citing *Booth v. Churner*, 532 U.S. 731, 739 (2001)).

Section 1073 of Title 15 of the California Code of Regulations provides county jail inmates with a right to appeal and have resolved grievances relating to their confinement. Pursuant to Section 1073, San Mateo County has established grievance procedures for inmates at Maguire Correctional Facility. An inmate must exhaust his administrative remedies for constitutional claims *prior to* asserting them in a civil rights complaint. 42 U.S.C. § 1997e(a); *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002). If an inmate exhausts a claim after

bringing it before the court, his subsequent exhaustion cannot excuse his earlier failure to exhaust. *Vaden v. Summerhill*, 449 F.3d 1047, 1051 (9th Cir. 2006) ("[A prisoner] may initiate litigation in federal court only after the administrative process ends and leaves his grievances unredressed. It would be inconsistent with the objectives of the statute to let him submit his complaint any earlier than that.")

Here, plaintiff does not seem to show that he has exhausted his administrative remedies. Dkt. 1 at 1-2.[1]  Furthermore, plaintiff has not presented any extraordinary circumstances which might compel that he be excused from complying with PLRA's exhaustion requirement. *Cf. Booth*, 532 U.S. at 741 n.6 (courts should not read "futility or other exceptions" into section 1997e(a)). Plaintiff states that the reason he has not exhausted his administrative remedies is because "[his] grievance was undermin[ed] . . . [and] [his] county complaint was unresponsive." Dkt. 1 at 2. Petitioner also alleges that he did not present his claim through the grievance process because there is "no remedies for excessive force." *Id.* However, as mentioned above, exhaustion is mandatory and not left to the discretion of the district court. *Woodford*, 548 U.S. at 84 (citing *Booth*, 532 U.S. at 739). Courts may not create their own "special circumstances" exceptions to the exhaustion requirement. *Ross*, 578 U.S. 632, 637-40 (reversing Fourth Circuit's ruling that failure to exhaust was justified where prisoner reasonably—even though mistakenly—believed he had exhausted remedies). There is no authority for the proposition that a petitioner's belief that there are "no remedies for excessive force" excuses the exhaustion requirement. Thus, this Court does not have the authority to create an exception to the exhaustion requirement based on plaintiff's aforementioned reason for not exhausting. Moreover, petitioner did not attach any grievance forms. Thus, the Court has no additional basis to assess whether he exhausted his admirative remedies prior to filing his suit.

When the district court concludes that plaintiff has not exhausted administrative remedies on a claim, "the proper remedy is dismissal of the claim without prejudice." *Wyatt v. Terhune*, 315 F.3d, 1108, 1120 (9th Cir. 2003) *overruled on other grounds by Albino v. Baca*, 747 F.3d

United States District Court
Northern District of California

---

[1] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by plaintiff.

2

United States District Court
Northern District of California

1162, 1166 (9th Cir. 2014) (en banc).  However, here, plaintiff will be provided one final opportunity to show cause within **twenty-eight (28) days,** why this case should not be dismissed without prejudice for failure to exhaust.  Specifically, to avoid dismissal, plaintiff needs to provide proof that extraordinary circumstances existed in order to excuse him from complying with PLRA's exhaustion requirement.  *See e.g., Ross*, 136 S. Ct. at 1859-60 (identifying "three kinds of circumstances in which an administrative remedy, although officially on the books, is not capable of use to obtain relief.")  **Failure to reply will result in dismissal without prejudice.**

Plaintiff's request to proceed *in forma pauperis* will be granted in a separate written Order.

IT IS SO ORDERED.

Dated:    May 8, 2026

_____
JUDGE YVONNE GONZALEZ ROGERS
United States District Judge

3